UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARIS K. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11-CV-8625 |
| CHICAGO HOUSING AUTHORITY, a Municipal Corporation and a Public Housing Authority; WALSH CONSTRUCTION COMPANY; and JERRY AND SONS ROOFING AND REMODELING COMPANY. | ) ) Judge John W. Darrah ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Chicago Housing Authority ("CHA") and Walsh Construction Company ("Walsh") move to dismiss Plaintiff Paris K. Miller's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons presented below, Defendants' Motions to Dismiss are granted.

## BACKGROUND

Miller, proceeding *pro se*, filed his Complaint on December 5, 2011. Miller was employed as a construction worker by Defendant Jerry and Sons Roofing and Remodeling Company ("Jerry and Sons")[1] in November and December of 2009.

---

[1] The summons issued to this Defendant was returned unexecuted on February 21, 2012. (Dkt. Entry 27).

Jerry and Sons was a subcontractor of Walsh at the CHA-operated Altgeld Gardens development. (*Id.*, ¶ 5.) In Miller's Complaint, he states that, as an African-American resident of the Altgeld Gardens public-housing development in Chicago, Illinois, he was denied employment opportunities on the basis of his race. (Compl. ¶ 7.) Miller alleges two claims: first, Miller claims he was discriminated against by Defendants on the basis of race, under 42 U.S.C. § 1981, along with other Chicago public-housing residents. (*Id.*, ¶ 1.) Second, Miller alleges Defendants violated Section 3 of the Federal Housing and Urban Development Act, 12 U.S.C. § 1701u, by failing to create employment opportunities for low-income individuals who reside in public housing. (*Id.*)

Specifically, Miller alleges he received disparate treatment, as compared to similarly situated Caucasian employees, from Defendant Jerry and Sons. (*Id.*, ¶ 9.) Miller claims his hours were significantly reduced by Jerry and Sons, that CHA and Walsh were aware of this reduction and other disparate treatment Miller received, yet permitted it to continue. (*Id.*, ¶ 9.) Miller claims Defendants' failure to intervene and stop or correct the disparate treatment he received violated the Civil Rights Act. (*Id.*, ¶ 10.) Miller further alleges Defendants violated "Section 3 of the Housing and Development Act of 1968, and implementing Federal regulations, in that Defendants did not provide priority employment opportunities for Plaintiff and other low income residents of Allteld [sic] Gardens." (*Id.*, ¶ 11.)

Defendants Walsh and CHA filed motions to dismiss Miller's Complaint. These Motions to Dismiss the Complaint were fully briefed and are ripe for ruling.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present: "(1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1939. A threadbare statement of a claim supported by a conclusory statement is insufficient. *Iqbal*, 129 S. Ct. at 1939 (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. "When reviewing a dismissal for lack of subject-matter jurisdiction . . . the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the

plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (*St. John's*) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). However, when a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The nonmoving party must support its allegations with competent proof of jurisdictional facts. *Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). If necessary, a district court may also look beyond the jurisdictional allegations to evidence outside of the pleadings to determine whether federal subject-matter jurisdiction exists. *St. John's*, 502 F.3d at 616.

## ANALYSIS

### *Standing*

CHA argues Miller's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because Miller is unable to establish standing. Standing is an essential jurisdictional requirement; "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citations omitted). A plaintiff must establish its standing in a case. *Id.* "When considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (citations omitted).

To establish standing, a plaintiff must show

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Wisconsin Right to Life State Political Action Committee v. Barland*, 664 F.3d 139, 146-47 (7th Cir. 2011) (quoting *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Here, Miller alleges Defendants violated the Housing and Development Act by failing to provide employment opportunities for himself and "other low income residents of Alltgeld [sic] Gardens." (Compl. ¶ 11.) However, Miller, as a *pro se* plaintiff, lacks the standing necessary to assert the claims in his Complaint on behalf of other aggrieved individuals. *See Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that a *pro se* plaintiff "was free to represent himself, but as a non-lawyer he has no authority to appear as [another's] legal representative.").

Therefore, to the extent Miller seeks to allege claims against Defendants on behalf of other individuals besides himself, these claims are dismissed for lack of subject-matter jurisdiction.

Moreover, Miller lacks standing to bring a claim under the Housing and Urban Development Act of 1968 because this Act does not create a private right of action under 12 U.S.C. § 1701u. Section 1701u seeks to "ensure that the employment and other economic opportunities generated by Federal financial assistance for housing and community development programs shall, to the greatest extent feasible, be directed toward low- and very low-income persons, particularly those who are recipients of

5

government assistance for housing." 12 U.S.C. § 1701u(b). The language of the statute does not clearly establish a private right of action. In considering if an *implied* right of action exists in a statute, where the law "by its terms grants no private rights to any identifiable class, the question whether Congress intended to create a cause of action is definitively answered in the negative." *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 375 (7th Cir. 2010) (quoting *Gonzaga v. Doe*, 536 U.S. 273, 283-84 (2002) (internal quotations omitted). Further, "[w]here the text and structure of a statute do not provide an indication that Congress intended to create new individual rights, there is no basis for a private suit." *Id.*

In order for Miller's claim to survive, he must show that the statute he invokes, 12 U.S.C. § 1701u, gives rise to a federal right. *See Indianapolis Minority Contractors Association v. Wiley*, 187 F.3d 743, 750 (7th Cir. 1999) (citing *Blessing v. Freestone*[2], 570 U.S. 329 (1997)). To determine if a statute creates a federal right, a court must consider: (1) the Congressional intent to create a private, individual right of action; (2) that the alleged right is neither vague nor amorphous; and (3) the statute must create a binding, mandatory obligation. *Id.*

The language of the 12 U.S.C. § 1701u does not show any intent on the part of Congress to create a private right; rather, it seeks to ensure that the entities that administer housing programs, like the programs run by the CHA, "make their best efforts, consistent with existing Federal, State, and local laws and regulations, to give to low- and very low-income persons the training and employment opportunities." 12 U.S.C. §

---

[2] Both Defendants Walsh and CHA erroneously refer to this case as *Blessing v. Freeman.*

1701u(c)(1)(A). This language specifically avoids creating a mandatory obligation on the part of the agencies the statute affects. The statute does not create a right of action for low-income individuals to sue for the statute's enforcement; instead, it seeks to encourage best efforts on the part of the housing programs. *See Price v. Housing Authority of New Orleans*, No. 09-CV-4257, 2010 WL 1930076, at *4 (E.D. La. May 10, 2010) (finding, "Like other recent courts to have considered the issue, the Court finds that § 1701u does not unambiguously confer individual rights. . . . § 1701u is explicitly directed only to the Secretary of HUD.").

Because Section 1701u does not create a private right of action, Miller lacks the standing necessary to pursue a claim under 12 U.S.C. § 1701u, and this claim is dismissed with prejudice for lack of subject-matter jurisdiction.

*Failure to State a Claim*

Miller's remaining claim, under 42 U.S.C. § 1981, fails to state a claim upon which relief may be granted. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. It is not apparent from Miller's Complaint which right, if any, he seeks to invoke under Section 1981. Miller simply alleges Defendants CHA and Walsh were aware of reductions in Miller's employment hours with Defendant Jerry and Sons, and did nothing to remedy what Miller believes amounted to discrimination.

Miller vaguely alleges that he was "treated differently" than other, similarly situated, white employees. (Compl. ¶ 9.) Miller's allegations are conclusory. To survive

dismissal under Fed. R. Civ. P. 12(b)(6), Miller must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 560-63). Here, Miller submits no facts against either CHA or Walsh that could entitle him to relief under Section 1981. Even Miller acknowledges in his Response brief that he does not have evidence to show "examples of racial disparities in support of his 1981 claim" but instead relies on his own "personal observations." (Resp. to Walsh's Mot. to Dismiss, at 5.) Miller's threadbare, unsupported, and vague statements are insufficient to support a claim against Defendants Walsh and CHA. *Iqbal*, 129 S. Ct. at 1939 (citing *Twombly*, 550 U.S. at 555).

Additionally, Miller failed to establish a *prima facie* claim of discrimination under Section 1981, as he was unable to demonstrate: "(1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006) (citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)). Specifically, Miller fails to establish that either Walsh or CHA *intended* to discriminate against him on the basis of his race. Rather, Miller alleges simply only that Defendants Walsh and CHA were aware that he was being discriminated against by Defendant Jerry and Sons, yet did nothing to remedy the situation. Miller does not allege he was in a contractual relationship with either Walsh or CHA. Miller simply claims that he worked for Jerry and Sons, a subcontractor of Walsh and, without explaining how, that Walsh and CHA were aware of Miller's disparate treatment. The only allegation against Walsh and CHA under this claim is that they were aware of his

reduced hours and other disparate treatment, yet did nothing to remedy the situation. Other than alleging that he is a member of a racial minority, Miller fails to establish the elements of a *prima facie* claim for discrimination under 42 U.S.C. § 1981. Therefore, his claim under Section 1981 is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons set forth above, Defendants Walsh and CHA's Motions to Dismiss are granted, and Plaintiff Miller's claims against them are dismissed. Furthermore, because Defendant Jerry and Sons' summons was returned unexecuted, it appears this Defendant was not served within 120 days of Miller's Complaint's being filed. Thus, pursuant to Fed. R. Civ. P. 4(m), this action is also dismissed against Defendant Jerry and Sons.

Date: 6-8-12

JOHN W. DARRAH
United States District Court Judge